UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES JOHN JOHNSON, | ) |
| Petitioner, | ) |
| v. | ) No. 1:17-cv-02414-JMS-DML |
| WARDEN,[1] | ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus,
Denying Motion for Evidentiary Hearing, and Denying a Certificate of Appealability**

Petitioner James John Johnson is serving a 25-year sentence for his 2009 Decatur County, Indiana conviction for sexual misconduct with a minor. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Johnson's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice**. Mr. Johnson's motion for evidentiary hearing, dkt. [15], is **denied**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Factual and Procedural Background

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On direct appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history:[2]

> During the summer of 2008, Johnson began providing transportation for his coworker's family because they did not own a car. He became more acquainted

---

[1] The correct Respondent is the state officer who has custody of Mr. Johnson, his Warden. *See* Rule 2 of the *Rules Governing Section 2254 Cases*.
[2] In his reply, Mr. Johnson extensively disputes the facts as presented by the Indiana Court of Appeals. *See* dkt. 14 at 1-4. Because resolution of these facts is not necessary to the disposition of the Order, the Court will not opine on these facts.

with the family and began interacting with his coworker's fifteen-year-old sister, C.W., who is mildly mentally retarded. From July 2008 until January 2009, Johnson, who was over fifty years old, had sex with C.W. approximately thirty times. Sometime between July 20, and July 30, 2008, C.W. became pregnant. C.W.'s family did not recognize that she was pregnant for a couple of months, but eventually noticed signs and gave her a pregnancy test. C.W.'s family did not know who the father was, and Johnson was still a regular visitor at their home. Johnson kept having sexual encounters with C.W., and was eventually caught by C.W.'s father at approximately 2:00 a.m. in C.W.'s room hiding under her bed with his shirt off. C.W.'s father kicked Johnson repeatedly and yelled at him. Johnson stated that he had a problem and needed help. At some point C.W.'s step-mother confronted Johnson, and he did not deny that C.W.'s child could be his, but rather stated "if it's mine ... I'll take the responsibility and ... take care." (Transcript p. 129).

On January 7, 2009, Officer William Meyerrose (Officer Meyerrose) of the Greensburg Police Department received a report from the Family and Social Services Department that C.W. was pregnant. Officer Meyerrose interviewed C.W. who told him that she had had sex with Johnson, Johnson's son, and three other men. After C.W.'s child was born, DNA tests were administered. According to the tests, there is a 99.999% certainty that Johnson is the father as opposed to an unrelated male, and it is fifty-two times more likely that Johnson is the father of the child compared to his son.

On February 6, 2009, the State filed an Information charging Johnson with sexual misconduct with a minor, a Class B felony, I.C. § 35-42-4-9(a), and the State sought a sentence enhancement due to Johnson's status as a repeat sex offender, I.C. § 35-50-2-14. On August 4 and 5, 2009, the trial court conducted a bifurcated jury trial. During the trial, Johnson requested that recordings of the interview with Officer Meyerrose be admitted as evidence to impeach C.W., but the trial court excluded those recordings. However, the trial court permitted Johnson to ask specific questions about what C.W. had said during her interviews with Officer Meyerrose, and C.W. acknowledged that she had made statements to Officer Meyerrose that were inconsistent with her testimony at trial.

The jury found Johnson guilty as charged. On September 5, 2009, the trial court sentenced Johnson to fifteen years for his sexual misconduct with a minor, and enhanced Johnson's sentence by ten years for being a repeat sexual offender.

*Johnson v. State*, 925 N.E.2d 510, 2010 WL 1655895, *1-2 (Ind. Ct. App. 2010).

Mr. Johnson appealed, arguing that the trial court committed error in refusing to admit recordings of the victim's police interviews, and that his sentence was inappropriate pursuant to Indiana Appellate Rule 7(B). The Indiana Court of Appeals affirmed his conviction and sentence.

Mr. Johnson filed a petition for transfer to the Indiana Supreme Court. It was denied on July 17, 2010.

On August 9, 2010, Mr. Johnson filed a *pro se* petition for post-conviction relief. On September 14, 2015, the post-conviction court entered its order denying relief. On October 10, 2015, Mr. Johnson filed a notice of appeal from the trial court's denial of post-conviction relief. On August 15, 2016, the Indiana Court of Appeals dismissed Johnson's appeal with prejudice based upon his failure to comply with Indiana Appellate Rule 10(F).

On July 14, 2017, Mr. Johnson filed this petition for a writ of habeas corpus.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Johnson's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"); *see Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

## III. Discussion

Mr. Johnson raises three grounds in his petition: (1) the two paternity tests are contradictory; (2) ineffective assistance of counsel; and (3) the sentence for being a repeat sexual offender was inappropriate because he was allegedly pardoned for his prior Pennsylvania sexual assault charge. The respondent argues that Mr. Johnson's claims are barred by procedural default. In reply, Mr. Johnson fails to address procedural default, instead focusing on alleged mistakes in the respondent's recitation of the facts, and focusing on the two DNA tests.

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments in a petition to transfer to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

When a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (*i.e.*, because the petitioner failed to contemporaneously object), that decision rests on independent and adequate state procedural

grounds. *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010) (citing *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009); *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010)).

On direct appeal, Mr. Johnson raised two issues: (1) whether the trial court committed reversible error by not admitting as evidence a video recording of an interview of the victim; and (2) whether his sentence is inappropriate when the nature of his offense and character are considered. *See Johnson*, 2010 WL 1655895 at *1; dkt. 13-3 (Mr. Johnson's direct appeal brief). No mention was made of the Pennsylvania sexual assault charge.

Mr. Johnson litigated a petition for post-conviction relief in the trial court, asserting an ineffective assistance of counsel claim and that newly discovered evidence existed. Dkt. 13-7 at 2. However, after initiating an appeal from the trial court's denial of post-conviction relief, Mr. Johnson failed to timely seek an order from the Court of Appeals to compel the trial court clerk to complete the Clerk's Record and issue and serve a Notice of Completion as required by Indiana Appellate Rule 10(F). Failure to seek such an order no later than seven days after the Clerk's Record is due subjects the appeal to dismissal. *Id*. Accordingly, the Indiana Court of Appeals dismissed his appeal with prejudice for this reason on August 15, 2016. He did not file a petition to transfer to the Indiana Supreme Court.

Because Mr. Johnson did not fairly present his claims to each and every level in the state court system, he failed to exhaust his state court remedies. At this juncture, this failure constitutes a procedural default of these grounds.

"A procedural default can be overlooked when the petitioner demonstrates cause for the default and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears his claim." *Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Johnson v. Loftus*, 518 F.3d 453, 455

(7th Cir. 2008). However, Mr. Johnson does not address the procedural default issue or make the required showing. Accordingly, Mr. Johnson is not entitled to habeas relief.

The Court agrees with the post-conviction court (*see* dkt. 13-7 at 2) that Mr. Johnson is unnecessarily preoccupied with the DNA evidence regarding the paternity of the victim's child. Mr. Johnson asserts that one DNA test stated that there was a 99.99% probability that he is the father of the child, while the other, based on a handwritten notation of 52, established only a 52% probability. He is wrong. Both DNA tests state there is a greater than 99.999% probability that he is the father. *See* dkt. 1-1 at 1-2.

## IV. Motion for Evidentiary Hearing

Mr. Johnson's motion for evidentiary hearing, dkt. [15], is **denied**. Although captioned as a motion for evidentiary hearing, the "motion" reiterates his petition and requests a "new jury trial" to find him not guilty. Such a request is the relief he seeks in his petition, and not an actual request for an evidentiary hearing on the merits of his petition.

## V. Conclusion

This Court has carefully reviewed the state record in light of Mr. Johnson's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Having applied the appropriate standard of review, and having considered the pleadings and the record, Mr. Johnson's petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue. The clerk **is directed to update the docket** to reflect that the correct Respondent is "Warden."

## VI. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show

that reasonable jurists would find it debatable "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/2/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES JOHN JOHNSON
204136
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

James Blaine Martin
OFFICE OF THE ATTORNEY GENERAL
james.martin@atg.in.gov